UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
BRENDA SWEETLAND, on behalf of )
herself and all others similarly situated )
)
Plaintiff, )
)
v. ) Civil No. 21-10759-LTS
)
WHEELABRATOR SAUGUS, INC., )
)
Defendant. )
)

ORDER ON MOTION TO EXCLUDE DECLARATIONS, MOTION TO STRIKE REPLY,
AND CROSS-MOTION TO ALLOW EXCESS PAGES (DOC. NOS. 42, 59, 60)

May 23, 2023

SOROKIN, J.

Plaintiff moves to exclude the initial and supplemental declarations procured by Anthony Cogliano on behalf of Defendant. Doc. No. 42. Plaintiff urges the Court to strike the declarations and preclude their use in Defendant's opposition to the Motion for Class Certification. Id. The Motion's request to strike the initial declarations was moot prior to its filing by counsel for the Plaintiff, as Defendant had made clear long before that they would not use the initial declarations. Doc. No. 48 ¶ 18. The Motion is DENIED AS MOOT insofar as it seeks to preclude the use of the initial declarations. The Motion is also DENIED AS MOOT as to the supplemental declarations, as Defendant in its opposition stated it would not offer those declarations in opposition to class certification. Doc. No. 47 at 10. That leaves one more matter: Plaintiff seeks costs of just over four thousand dollars for deposition discovery it took regarding the declarations issue. That request is DENIED.

Defendant moves to strike Plaintiff's fifteen page reply in support of the Plaintiff's Motion for Class Certification. Doc. No. 59. The Court's standing order is unambiguous – replies of five pages are permitted as of right on all motions if filed within seven days. Doc. No. 12 at 1. Longer (or later) replies require permission from the Court. Id. No such permission was sought or given. Plaintiff's counsel contends that (1) some ambiguity governs the length of the reply; (2) the conferral on the motion to strike was unfairly sought at 11:56 p.m. with the Motion filed the following morning; (3) defense counsel are engaged in "diversions"; (4) Local Rule 7.1(b)(4) arguably permits a reply up to twenty pages, and (5) its reply is "short", thereby precluding counsel from "fully address[ing]" the "distraction, feigned ignorance, and outright fiction" which is "peppered" in Defendant's Opposition to the Motion for Class Certification. Doc. No. 56 at 6. As to Local Rule 7.1, the text of 7.1(b)(3) makes plain— nothing in Local Rule 7.1 by its terms applies to replies. There is no ambiguity. The remainder of the arguments advanced by Plaintiff, including the contention that an unauthorized reply of fifteen pages is "short" are similarly wrong.

Accordingly the Court DENIES the Motion to Strike, Doc. No. 59, and DENIES the Cross-Motion for Leave. Doc. No. 60. Nonetheless in the interest of resolving the lawsuit on the merits, and in the interests of judicial economy, the Court ALLOWS the reply to stand, and ORDERS that Plaintiff, if it prevails, may not seek or obtain recovery for the fees incurred in preparing the reply or the pleadings related either to the Motion to Strike, Doc. No. 59, or the Cross-Motion Doc. No. 60. Defendant also contests the data sheets appended to the reply. These data sheets are STRUCK. They are in violation of the Court's Order that discovery concluded. Doc. No. 18. Moreover, Plaintiff cannot fairly seek class certification based upon evidence not disclosed in its opening brief, especially without leave of Court.

The Court will hold a hearing in-person on the Motion for Class Certification and the three other Motions to Exclude (Doc. Nos. 50, 52, 62) on June 7, 2023 at 10:00 a.m.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge